Jon SILVEY *v.* Cynthia BRENTS

88-189                                                761 S.W.2d 605

Supreme Court of Arkansas
Opinion delivered December 12, 1988

*Gary Eubanks & Associates*, by: *James Gerard Schulze*, for appellant.

*Lazer, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Ralph Wilson*, for appellee.

ROBERT H. DUDLEY, Justice. The sole issue in this car-wreck case is whether an instruction on failure to give a turn signal was abstract. We hold there was sufficient evidence in the record which justified giving the instruction.

There is substantial evidence that the appellant, plaintiff below, was driving his pickup truck in a westerly direction in the inside lane of East Broadway Street in North Little Rock. He stopped to make a left turn onto Omega Street but did not give a turn signal. He was followed by an unknown person in a Buick who swerved suddenly to the outside lane, apparently to avoid hitting the appellant. About 50 to 60 feet behind the Buick, in the inside lane, was the appellee, the defendant below. As the Buick swerved to the outside lane, the appellee saw the appellant about 50 to 60 feet ahead, and began to slow her car. She looked to see if she could also swerve to the outside lane like the Buick had done, but there was a car in that lane. It was raining, the road was wet, and the appellee was unable to bring her car to a complete stop before hitting the rear bumper of appellant's truck. If she had only a little more space she would have stopped before hitting the appellant.

The appellant argues that giving the instruction on failure to give a turn signal was error because it would not have made any difference if the appellant had given a turn signal, or, stated differently, there was no causation. The argument is without merit for at least two reasons.

First, the jury could have concluded from the evidence that if the appellant had given a turn signal, the unidentified driver of the Buick could have known that appellant was stopping in order to turn left and that driver could have made a timely stop instead

of suddenly swerving to the other lane. If the Buick had made a timely stop, the appellee, following behind, could have, in turn, done the same.

Second, appellee testified that there were no lights on appellant's car indicating either a stop or turn. If the appellant had given a turn signal the appellee would have known the appellant was stopped in order to turn left, and the appellee could have immediately started to brake hard rather than simply "slow my vehicle down." Since appellee had almost gotten her car stopped before it hit appellant's truck the jury could have concluded that the different braking actions could have been a contributing cause of the accident. Accordingly, the instruction was not abstract.

Affirmed.